OPINION of the Court, by
Judge Trimble.
— Gano and wife obtained judgment against Crozier, in an action of detinue, for certain slaves, from which he hath appealed to this court.
The assignment of errors contains ten different objections to the judgment and proceedings, but few of which, however, seem entitled to much consideration.
The first objection made is, that there is a variance between the count and the writ, the latter demanding three slaves by name, not demanded by the former. This objection might have been good matter in abatement, but cannot be assigned for error after judgment on the plea in bar.
The second, which alleges the court erred in overruling the demurrer to the plaintiff’s replication, cannot be regarded ; because, by leave of the court, the defendant afterwards put in a rejoinder to the replication, which was a waiver of the demurrer.
The third and fourth points made by the assignment of errors may be considered together. They are, that the verdict of the jur}' is insufficient and uncertain in not having found the value of the slaves, and because it is in the alternative. The verdict of the jury is in the following words : “ We of the jury, find for the plaintiffs the negro woman Flora, in the declaration mentioned, if to be had, and if not, in lieu thereof the sum of ninety pounds ; the negro boy William, if to be had, and if not, in lieu thereof seventy pounds ; and the negro girl Eliza, if to be had, and if not, the sum of fifty pounds in lieu thereof; and the sura of six pounds in damages.” Although this finding is not strictly formal, it seems to to us to be substantially good.
It has often been held, that if the jury find the substance of the matter in issue, the form shall be disregarded i and that the court may, and ought to mould it into form. The application of this principle to the present *258 case, will remove any doubts which might otherwrsS. have been entertained. The jury find each slave separately, if to be had, and if not, a certain sum in lieu of each. This plainly evinces that the sums found respectively, were intended by the jury as the value of the slaves ; and this is more strongly confirmed by their finding a gross sum of six pounds in damages. The jury having found their verdict in the alternative, vras only an informality, but it serves to demonstrate the true understanding of the verdict. The jury ought., regularly, to have found for the plaintiffs the slaves, and ought also to have found the value of each slave 5 which we think the present verdict has substantially done.
If replication to a plea of the ftatute of limitations ihewed that before one difability was removed another aecraed, and fo on in fuc. «effion, fo that the plain'iff la. bored without intermiííion un. der fome one or ©therofthedif-abi lilies from che time the caufe or action accrued, it would take the cafe oat of the ftatute*
If the ftatute once arcaches and the limitation begins to run, it continues to run, not - withftanding ¿liability after-wards incurred by the act of the party, as inarriage or absence from t.ie Country,
On the fifth point made in the assignment it may be, observed, that the law did not require the production of a record, registration or certificate of the marriage ; evidence of cohabitation and reputation of marriage was sufficient.
The sixth point has lately been decided in the case of Tunstall vs. M'Clelland(a); in which it was held, that proof of a demand made before the institution of the action of detinue,, is not necessary to maintain the action.
But the seventh point made in the assignment of errors cannot be gotten over. It is, that the inferior coart improperly permitted the deposition of Absolerrv Bainbridge to be read as evidence, when objected to by the defendant, Crozier, for the reasons stated in a bill of exceptions tendered upon that point by the defendant’s counsel. The material objections made to the reading of the deposition were, 1st. that the notice, upon-which it was taken, was for taking depositions in the town of Louisville generally, without mentioning at what house or place in the town ; and 2dly. that the affidavit of the service of the notice only stated that it had been left at the defendant’s house, without stating that it had been delivered to any person.
We conceive both these objections valid. A notice to take depositions in a town generally is very uncertain, and if held sufficient, would open a door for practising great frauds in taking depositions ; it would be easy for one of the parties to get the advantage of the other by proceeding in a by-place in the town, where it might b& difficult if not impossible for the other party to find him» Similar reasons have great weight on the other branch *259 of the objection. If barely leaving a notice at a man’s house would do, when perhaps neither himself nor any of his family were at home, it would be easy to leave it in such a way that it would neither be found by hint-self nor them.
The advantages obtained by an ex parte examination, of a witness, would, it is feared, too frequently tempt parties to seek an opportunity of gaining those advantages. It is the duty of the court to guard against such practices; and to require that the proceedings be such as gives each party a reasonable opportunity of obtaining equal justice. However fair and upright the intentions of the present parties may be, we must, in laying down rules of practice for them, lay down such as will best conduce to the ends of justice in the general.
The remaining assignments call in question the sufficiency of the pleadings. It is alleged that husband and wife cannot join in detinue. The law is clearlv otherwise. In many cases it is not only proper, but absolutely necessary they should join, to enable the husband to obtain possession of the wife’s chattels, the possession of which she had lost before coverture.
It is also alleged that the pleadings in the cause do not authorise a judgment on the verdict; and that the issue joined on the plea of the statute of limitations is immaterial. This gives rise to questions of considerable difficulty, the solution of which will require that the substance of the pleadings be stated. The defendant pleaded that the plaintiff’s cause of action did not accrue at any time within five years next preceding the suing out the original writ. To this the plaintiff put in a replication, stating in substance that the cause of action of the plaintiff Keziah, in whose right the slaves are claimed, accrued in the state of New-Jersey, in the year 1779, while she was an infant under 21 years of age ; that she remained an infant until the 30th of April, 1780 ; that Robert Henry, under whom the defendant claims title, was, at the time her cause of action first accrued, a citizen and inhabitant of Virginia; that the said Ke-ziah was continually, from the time her said cause of action originated until afterwards, to wit, on the 28th day of September, 1782, at which last mentioned period she intermarried with a certain Edmund Bainbridge, at the county of ——, in the state of Maryland, a ei- *260 tizen and inhabitant of the said state of Maryland, and that she never was a citizen and inhabitant of the state of Virginia ; that the said Henry was, from the time when she obtained her fuil age of 21 until her intermarriage with the said Bainbridge, in possession of the slave Flora, the mother ol the other slaves, and a citizen and resident of Virginia, and not an inhabitant of the said state of Maryland ; and that the said Keziah has never, since her intermarriage with Bainbridge, been discovert and unmarried for the space of five years before the time of issuing the original writ, &c. The defendant rejoined that the said Keziah, during her widowhood, was a citizen of the state of Virginia, to wit, cn the -day of —-—, 1798, and traverses that the said Keziah removed to the state of Maryland during her infancy, and there intermarried with Bainbridge, and there continued to reside ; and also traverses that Henry removed to Virginia, and there continued to reside, in possession of the said negro Flora, &c. : upon which an issue is tendered to the country, which is joined by the plaintiffs.
An attention to the pleadings, as already recited,' will, shew that the replication is defective in substance, and that the issue joined is immaterial.
The evident design of the replication is to shew that the plaintiff Keziah, from the time her cause of action first accrued, has at all limes (until within five years next before the commencement of the suit) labored under the disabilities of either infancy, coverture, or absence from the country, so as to bring her within the savings oi the statute of limitations. If the replication had really shewn this, it would have been good ; for although one of them, as infancy, for example, had been removed, yet if another of them occurred, as marriage, before the removal of that of infancy, and so on in succession, so that all were not removed at any one time, whereby the statute could attach and begin to run, it would have been a sufficient answer to the plea: this the replication has not done. It is not stated when the plaintiff Keziah became discovert of her former husband, Bainbridge, nor when, nor where ahe became covert of her present husband.
It is averred in the replication that she never was a citizen or resident of Virginia; but, for aught that ap= *261 pears, she might have been of full age, discovert, and an inhabitant of this state (and the defendant an inhabitant and in possession of the slaves) at some period more than five years antecedent to the commencement of the suit. If so, (the disabilities being all removed at the same time.) the statute would attach and begin to run ; and her coverture afterwards would not prevent its running so as to bar her right; for it is a well settled principle, that if the statute once attaches and begins to run, it shall continue to run, although the party against whom it is running, by his or her own act, may after-wards incur a disability, as absence or marriage.
From the foregoing observations upon the replication it is evident, that whether the plaintiff Keziah was or vras not a citizen and inhabitant of Virginia during her widowhood, in 1789, is a question, the decision of which either way cannot, in the present state of the replication and pleadings, determine the matter of right between the parties. That is the question submitted to the jury by the issue, which must therefore be deemed immaterial.
Judgment reversed, the verdict of the jury set aside, and the cause remanded to the court from whence it came, with directions to award a repleader between the parties, commencing with a new replication, tobe put in by the plaintiffs to the defendant’s plea of the statute of limitations.

 Ante 186.