Judge Simpson
delivered the opinion of the Court.
The pi’omise of a discharged bankrupt to pay a previous debt, although valid, does not revive his liability upon the note evidencing the debt, or enable the creditor to bring a suit upon it, but he is liable alone upon the new promise, and the suit must be brought upon it: Egbert vs McMichael, (9 B. Monroe 44,) and Graham vs Hunt, (8 B. Monroe, 7.)
As the suit, in this case, was brought upon the note, and the defendant filed a plea, relying upon his discharge in bankruptcy, the replication setting up a sub *156 sequent promise by him to pay the debt, in the note mentioned, was an insufficient answer to the plea, and the demurrer to it should have been sustained. But as the defendant filed a rejoinder to the replication, it must be regarded as a waiver or virtual withdrawal of the demurrer, and leaves him in the same condition he would have been had the demurrer never been filed; Patrick vs Conrad, (3 Marsh. 613.)
The Court cannot properly render judgment upon the finding of an issue for the plaintiff, which is immaterial: (1 Bibb 257.)
Craddock, Cates, and B. Sf A. Monroe for appellant; J. Sf W. L. Harlan for appellee.
One of the assignments of error, however, brings in question the propriety of rendering a judgment against the defendant upon the verdict finding the issue in favor of the plaintiff. The issue made between the parties was, whether the defendant had, after he became a bankrupt and was thereby discharged from all liability on the note upon which the suit had been brought, promised to pay the debt, as alleged by the plaintiff in his replication. By the verdict of the jury, it was determined that such a promise had been made by him. But as that promise did not revive his original liability upon the note, the fact established by the verdict, did not authorize the Court to render a judgment upon it against the defendant. The issue tried was wholly immaterial, and the verdict of the jury, giving to it all the effect to which it. is entitled, cannot sustain the judgment for the plaintiff: Crozier vs Gano and wife, (1 Bibb, 257.)
Wherefore, the judgment is reversed, and cause remanded, with directions to set aside the verdict, and allow the plaintiff to amend his replication, or to file a new one, and for further proceedings consistent with this opinion.