Alexander *v.* Eastland et al.

---

## WILLIAM W. ALEXANDER *v.* HIRAM EASTLAND et al.

1. PLEADING: SPECIAL PLEA TANTAMOUNT TO GENERAL ISSUE BAD.—A special plea which amounts to the general issue only is bad.
2. SAME: TRESPASS: PLEA OF LICENSE TO ENTER: CASE IN JUDGMENT.—A special plea to an action of trespass which justifies the entry under a license granted by a third person, who is alleged to have been in the actual adverse possession of the premises at the time the trespass was committed, is bad: 1st. Because it denies plaintiff's possession, and therefore only amounts to the general issue; and 2d. Because it does not aver title in the person from whom the license is claimed.
3. HIGH COURT: PRACTICE: OBJECTIONS TO EVIDENCE.—An objection to the admission of evidence not raised in the court below, will not be noticed here; and hence, if a deed be objected to in the court below because the acknowledgment was defective, and that objection be improperly sustained, the exclusion of the deed cannot be justified in this court, upon the ground that its execution was not duly proven, owing to a failure of the probate clerk to sign his name to the certificate of the filing and recording of the deed.

ERROR to the Circuit Court of Scott county. Hon. John Watts, judge.

This was an action of trespass to recover damages sustained by

Alexander *v.* Eastland et al.

plaintiff by reason of the defendants' entry upon his land, and cutting and removing timber therefrom. Pleas, 1st. Not guilty; 2d. "That the said lands, mentioned in plaintiff's declaration, at the times said plaintiff alleges said different trespasses were committed, were in the actual adverse possession of one William P. Meader, who claimed to be the owner thereof, and from whom the defendants obtained leave and license to cut timber." To this plea the plaintiff demurred: 1st. Because it did not traverse that the plaintiff was the legal owner of the land; 2d. It is informal, and not responsive to the gravamen of plaintiff's complaint.

The demurrer was overruled.

On the trial, plaintiff, in support of title, read a certificate from the register of the United States Land Office at Augusta, showing that the land had been entered by one Brewer; he next read a deed from Brewer to Bishop for the same land; and proposed next to show that the title was in himself, by reading a deed from Bishop to him. To the reading of this deed, defendants objected, "because the acknowledgment was defective." This objection was sustained; the deed was excluded from the jury, who thereupon found a verdict for the defendants, who also had final judgment.

The certificate of acknowledgment is made by the probate clerk, and is in the usual form; and the conclusion of it is placed in juxtaposition with the certificate of record, thus:

[L. S.]   "Given under my hand and seal of office at Hillsborough, this 1st August, A.D. 1842.

"Filed for record the 24th, and recorded the 27th September, 1842.

"A. EASTLAND, *Clerk.*"

The plaintiff below sued out this writ of error.

*Lawson* and *Luckett,* for plaintiff in error.

The first error complained of is the overruling plaintiff's demurrer to defendants' second special plea. The plea does not allege that plaintiff gave any leave and license, but as an excuse for their trespass, alleges that one William Meader was in possession, claiming to be the owner, and that he gave the leave. Whether the

plaintiff had possession or not at the time of committing the trespass, we do not suppose can have any effect upon his right to recover the value of the timber cut and carried away. The plea does not state that the plaintiff was not in possession at the time of the commencement of the suit, but only that he was not in possession at the time of the committing the trespass. The plea is to be taken most strongly against the defendants. Plaintiff may have regained the possession by suit or otherwise before bringing his complaint, and if so, he is to be considered in possession under his original title, and is entitled to recover the profits of his land from those who have taken them without his authority; as has often been decided in the action for *mesne* profits. *Chirac* v. *Reinecker*, 11 Wheaton, 293.

The next error assigned is the rejection of the deed from Joseph S. Bishop to the plaintiff, for the land on which the trespasses were committed.

The acknowledgment appears correct in every particular, and we are unable to perceive the slightest objection to it. It was made before the probate clerk of the county where the land is situated, and appears to be strictly formal, and if I am correct in this, the cause must be reversed for this error.

*W. P. Harris*, for defendant in error.

The only question which, as we conceive, calls for the action of the court, is that arising on the propriety of the exclusion by the court below of the deed of Bishop to the plaintiff; and it is necessary that we should say, that the defect in the acknowledgment consisted in the want of the signature of the clerk before whom it purports to have been taken. The court below deemed that the signature which appears in the bill of exceptions was applicable to the certificate of filing for record and recording of the deed. It will be noticed that the supposed incomplete acknowledgment bears date some months or so prior to the filing. Both filing and acknowledgment are required to be certified and signed. Hutch. Code, 607. And it is obvious that the signature does not apply to both. The court below by inspection decided that it applied to the certificate or statement of the filing, and this may have been obvious from the color of the ink, and the position and inclination of the

Alexander *v.* Eastland et al.

letters. As the signature stands in the bill of exceptions, it is as fairly applicable to one as to the other by this court. But we are prepared to show that it is as fatal to hold, that there is no certificate to the filing and recording, as it is to hold that there is no certificate of acknowledgment, where the original deed is offered without proof of its execution, because a recorded deed only is admissible, under the plain terms of the Statute of 1822. Hutch. Code, 605, § 1.

The statute dispenses with proof of the execution of a deed only where it has been "acknowledged or proved and certified as recorded." There was no legal evidence that it was a recorded deed, if there was no certificate of the office that it had been filed and recorded. The statute provides, that the original may be read without further proof, if it has been acknowledged or proved and recorded, and so certified, and authorizes copies from the record to be used, because the transcript shows that they are recorded; but this is the extent of the change introduced. The language of the first section of the act is conclusive on this point, and there are good reasons for believing that the legislature meant what is said.

The recording of a deed is a deliberate recognition of it as the act of the parties, and the act is public and notorious. It puts all persons upon inquiry, and the party who appears to have made the deed has an opportunity to impeach it by the notice it gives. But if we suppose the case of a deed merely proved before a justice of the peace by corrupt witnesses, and never put on record, we can see how impossible it would be to defeat it when produced on a trial without any notice to the pretended grantor. The party offering it is not required to produce the witnesses to its execution, and it goes to the jury in spite of all objections. Besides the very fact of recording the deed creates a strong presumption of its genuineness. For these reasons, the statute has said that the deed thus " acknowledged or proved and certified as recorded," shall be admitted without evidence of its execution. It was necessary, therefore, as we must presume from the record, that the plaintiff relied on the signature as applicable to the acknowledgment, that, to make out his objection, the plaintiff should have offered to prove the execution of the deed, for, without such proof, as it was not a certified copy from the record, nor a deed certified as recorded, it could not be read in evidence.

HARRIS, J., delivered the opinion of the court.

The plaintiff in error commenced his action of trespass against the defendant in the court below, to recover damages for entering upon his lands, and cutting timber thereon. The defendants filed the general issue, and four special pleas; on all of which, except the second special plea, issue was joined. To the second special plea the plaintiff demurred, and his demurrer was overruled by the court, which is the first error assigned.

The plea alleges that the lands mentioned in plaintiff's declaration, at the times when the trespasses complained of are alleged to have been committed, were in the actual adverse possession of one Meader, who claimed to be the owner thereof, and from whom defendants obtained leave and license to cut timber.

If this plea was designed simply to set up the fact, that the plaintiff was not in the possession of the premises at the time of the commission of the trespass, it would be bad as only amounting to the general issue. If it was designed as a plea of *liberum tenementum*, or license under the true owner, it would still be bad; first, because it denies plaintiff's possession; and, second, because it does not aver that Meader, under whom defendant claims leave or license, had any title. So that, in any view, this demurrer should have been sustained.

The only remaining assignment of errors relied on is, the rejection of the deed from Bishop to plaintiff. The objection to this deed, stated in the record as having been made in the court below, is that the " *acknowledgment was defective.*" In what the defect consisted does not appear by this record. The " *acknowledgment,*" as it appears in the record, seems to be regular, and signed by the clerk.

The objection presented in the brief of counsel for defendant in error, that the deed was inadmissible, without proof of its execution, inasmuch as the certificate that it was " filed for record and recorded," was not signed by the clerk, was not made in the court below, and cannot, therefore, under the practice in this court, be regarded here.

For these errors, let the judgment be reversed, cause remanded, and a *venire de novo.*