## LUCY A. WHITFIELD v. JEPTHA V. HARRIS et al.

1. VENDOR AND VENDEE—THEIR RESPECTIVE RIGHTS UNDER AN ESCROW.—A vendor of land on a credit, who gives possession at the time of sale, and makes a deed which is delivered to a third party as an escrow, to be held until payment of the purchase money, thereby disposes of his legal title and interest in the land, and reserves only an equity of redemption to be enforced should the vendee fail to pay the purchase money; and the vendee thereby acquires an equitable estate in the land.

2. SAME—VENDOR'S CREDITORS CHARGED WITH NOTICE OF VENDEE'S RIGHTS.—In such a case, judgment creditors of vendor are charged with notice of vendee's equitable estate, and liens of judgments rendered before the delivery of the deed, but subsequent to its delivery as an escrow, will not prevail against such estate.

3. ESCROW—WHEN IT TAKES EFFECT.—A deed delivered as an escrow does not take effect until a second delivery, as a general rule, but where justice demands, courts of equity will give it relation back, and cause it to take effect from the date of its delivery as an escrow.

APPEAL from the chancery court of Lowndes county. FOOTE, Chancellor.

The appellant, Lucy A. Whitfield, filed her bill in the chancery court below, to the February term, 1868, alleging that on the 9th of July, 1866, Charles Baskerville and James Whitfield, being in possession of certain lots in the town of Columbus, Miss., as owners thereof, bargained and sold the same to her for $2,375, to be paid on the 1st of February, 1857; that said Baskerville and Whitfield, at the time of sale, made their deed of conveyance for the lots mentioned, and placed it in the hands of N. E. Goodwin as an escrow, to be held until the said purchase money was paid, and then delivered to said Lucy; that on the day of sale, the property was delivered to the purchaser, and she retained possession by agreement of the parties concerned until the present time; that she paid the said purchase money to said Baskerville

and Whitfield in January, some days before the same was due, and received from said N. E. Goodwin the deed, and deposited it with the probate clerk for proof and record ; that on the 16th of October, 1867, proof was taken, and the deed recorded ; that Jeptha V. Harris recovered a judgment in the circuit court of Chickasaw county against one Field, and the aforesaid Charles Baskerville and Henry Whitfield, for $739.20, on the 24th of October, 1866, and enrolled in Lowndes county, June 27th, 1867 ; that in December, 1867, an execution was issued on this judgment, and levied on the property in question ; that one Sarah C. Reid claims to have obtained a judgment in the circuit court of Lowndes county against Wm. J. Gordon, Charles Baskerville and Henry B. Whitfield, for $3,152.76, October 30th, 1866 ; that execution issued on said judgment, November 12th, 1867, and was levied on the property in question, and advertised to sell, etc.

The bill prays for injunction against Harris and Reid, and for relief generally. The injunction was granted, and proceedings under the levy suspended.

Sarah C. Reid, one of the defendants, demurred to the bill, and assigned as causes, that the statements and charges in the bill did not entitle complainant to the relief prayed for, and did not warrant the injunction granted ; that the bill was not sworn to, and for other good causes, etc.

At the trial the demurrer was sustained, and complainant appealed.

*R. Evans*, for appellant.

The want of an affidavit to the bill is not a matter of demurrer. The other cause is a general demurrer.

The appellant purchased from Baskerville and James Whitfield a tenement in Columbus, on the 9th July, 1866 ; the price, to be paid on 1st February, 1867, was $2,375. The deed of conveyance was executed, and by agreement placed in the hands of N. E. Goodwin, to be by him held as an escrow till the money should be paid, and then delivered to the purchaser. The tenement and enjoyment of the rents and profits were on the same day delivered into the possession of the purchaser. This delivery is a feature in the case of a controlling character. The possession of appellant was notice to the world of her rights and equities in the tenement. Dixon & Starkey v. Doe dem. Lacoste, 1 S. & M.

70, 104 and cases cited; Walker v. Gilbert, Bailey & Draper, 1 Freem. Ch. This law, quoted and confirmed in the above case, is decisive of the case in hand. "The possession of land by the vendee, under an unregistered deed, is such evidence of title as amounts to constructive or implied notice to creditors or subsequent purchasers," etc. 1 S. & M. 95; 4 Dana, 258; Priest v. Rice, 1 Pick. 164; Jones v. Loggins, 37 Miss. 554.

The pendency of this suit is sufficient notice to the plaintiff and judgment creditor. 1 Story Eq., §§ 405, 406; Murray v. Ballou, 1 Johns. Ch. 576–578; Sug. on Vend., ch. 17, pp. 281–283, note 436.

The deed of conveyance has been admitted to record, and is proof that on 9th July, 1866, appellant's interest began, and that, as to the judgment of appellee, is prior in point of time, and if a sale should take place under the levy, the purchaser would be affected with notice, and would only acquire a naked legal title, subject to the equities of appellant. As to her equities, see 2 Story Eq. Jur., § 780.

"If possession be delivered to the purchaser, the agreement will be considered as in part executed." 1 Sug. on Vend. 116. This is the rule under parol agreements; but the case in hand is an agreement in writing, signed and sealed, and possession under it given to appellant. See 2 Story Eq. Jur., § 1212: "When a contract is made for the sale of land, the vendor is in equity immediately deemed a trustee for the vendee of the real estate, and the vendee is deemed a trustee for the vendor, of the purchase money." And see 2 ib., § 788: "Where the specific execution of a contract respecting lands will be decreed between the parties, it will be decreed between all persons," etc. Mark the distinction between courts of equity and courts of law. Ib., § 790; 2 Story Eq. 784; Champion v. Brown, 6 Johns. Ch. 402, 403.

At the date of appellant's contract to purchase, and of her possession under the contract, the judgment did not exist; there was, then, no judgment creditor. Dixon & Stanley v. Doe dem. Lacoste, 1 S. & M. 106.

The date of the judgment of Sarah Reid was 30th October, 1866; the date of appellant's purchase was 9th of July preceding. The judgment creditors stand affected, of course, by the rights and equities which resulted to appellant by her contract and possession under it.

The deed is called an escrow. Courts of equity are not misled by words, but look at the substance of things. The deed executed and put in Goodwin's hands, and the delivery of the possession of the tenement, constituted a contract which vested in appellant the rights and equities which spring from it; it constituted a contract in part executed, according to Sugden on Vendors, and 2 Story Eq. 790. The escrow is not the only thing to be looked to; the whole transaction must be seen, of which the escrow is only a part—a mere piece of evidence. The contract is what the court of equity regards. This is evidenced by the deed and the delivery of possession of the thing sold. A delivery of possession of the thing sold takes away from the deed the character of an escrow. An escrow cannot be in a contract executed, nor in a contract in part executed. If Baskerville and Whitfield had retained possession of the premises, it would have been different: the deed would then have been an escrow in its legal sense.

The cases of Jackson dem. Russel v. Rowland, 6 Wend. 666; Green and Wife v. Putnam. 1 Barb. 500, not in point; the facts are entirely different from the case at bar. See Kelly v. Mills, 41 Miss. 267.

*Joseph E. Leigh*, for appellees.

The bill and exhibits show that the judgment was prior to the delivery of the deed, as such, and holds the property.

Deeds not delivered within three months from the date of their execution, take effect only from the date of delivery to clerk for record. Rev. Code, art. 23. But appellant claims possession of the property conveyed, from 9th July, 1866, and that such possession amounts to notice of her title, and invokes the decisions made in relation to possessions under unrecorded deeds, in Dixon v. Starkey, 70; Wiley v. Hightower, 6 S. & M. 345; Walker v. Gilbert, 7 ib. 436; Freem. Ch. 95. These decisions are applicable to actual possession under an unrecorded deed executed and delivered prior to the judgment, but not to an escrow. In Henderson v. Downing, 24 Miss. 114–115, the court say: "Whilst they will not controvert the decision in Dixon & Starkey v. Doe, 1 S. & M. 70, they will not extend it, and that when the judgment creditor had no notice of the existence of the

deed before the judgment was rendered, he has a right to enforce it by a sale of the lands."

The question of construction or implied notice is not applicable to this case. There is no unrecorded deed; there is an escrow dated prior to the judgment, but it only takes effect from its delivery, which, in this case, was subsequent to the judgment.

Where property is conveyed by an escrow, the title does not pass until the condition is performed, and the escrow delivered to the purchaser; no estate passes until the second delivery. 4 Kent. Com. 434; 2 Washb. Real Prop. 614; Fairbank v. Metcalf, 8 Mass. 230–37; Green v. Putnam, 1 Barb. 500; Frost v. Beekman, 1 Johns. Ch. 283–89. And if, in the meantime, a judgment is obtained against the grantor, it is held that a purchaser under such judgment was entitled to the land. Jackson v. Rowland, 6 Wend. 666; 2 Washb. Real Prop. 614.

The fiction of law which carries the deed back by relation to the first delivery is only resorted to in cases of necessity, between the parties to the instrument, to prevent a failure of the covenant, or other injury or injustice; but this fiction is never to prevail against the facts, so as to work injustice. 4 Kent. Com. 434, 503, 504; Frost v. Beekman, 1 Johns. Ch. 297; Jackson v. Rowland, 6 Wend. 667. The judgment must, therefore, hold the property, being prior to the delivery of the escrow, and the appellee had a right to enforce her lien. Henderson v. Downing, 24 Miss. 114.

The possession of appellant, as set up in the bill, is not actual and notorious, but only of rents and profits, and through a tenant.

It is, therefore, only constructive, and notice will not be chargeable on creditors. See authorities formerly cited.

Again, no estate in lands or tenements for more than a year shall be conveyed, but by writing, sealed and delivered. Rev. Code, p. 309, art. 19. Under the escrow, the title to the land in question did not pass till the second delivery, to wit: 1st February, 1867, according to its own terms, which cannot be varied by parol evidence of conditions qualifying the written conveyance. Womar v. Munn, 1 Seld. 229.

*James T. Harrison,* on same side.

I. Where a deed has been delivered as an escrow, it has no effect as a deed, until the condition has been performed,

and no estate passes until the second delivery. It is an inchoate act. And if, in meantime, the estate should be levied upon by a creditor of the grantor, he would hold by virtue of such levy in preference to the grantee in the deed: 2 Washb. Real Prop. 614; Jackson v. Rowland, 6 Wend. 666, 670; Jackson v. Catlin, 2 Johns. 248; Fairbanks v. Metcalf, 8 Mass. 230, 237; Frost v. Beekman, 1 Johns. Ch. 288, 297, 298; 4 Kent Com. (3d ed.) 454; Carr v. Honie, 5 Macon 60, 61; 2 Rob. Prac. 18; Peter v. Wright, 6 Ind. 183; Evarts v. Anges, 4 Wil. 351; Black v. Shreve, 13 New Ter. 458; Green v. Putnam, 1 Barb. 500, 504; Jackson v. Richards, 6 Cow. 619; Johnson v. Baker, 4 Barn. & Ald. 440; Brevard v. Neely, 2 Sneed, 165.

The statute is express that "no estate of inheritance or freehold, or for a term of more than one year, in lands or tenements, shall be conveyed from one to another, unless the conveyance be declared by writing, sealed and delivered." Rev. Code 309, art. 19.

Can the estate be *in nubibue* until the the condition is performed ?

In the present case, the bill of complaint has, for its only basis, an escrow. The bill avers "that deed of conveyance so made was, according to its terms, placed in the custody of N. E. Goodwin as an escrow, to be held and kept safely until said sum of money should be paid."

The writing is made an exhibit to the bill, and is a part of the bill. It professes to be an indenture, but it is not signed by the party of the second part. It concludes in these words, viz. :

"And the said parties of the first and second parts do further covenant and agree that this conveyance shall be placed as an escrow in the custody of their mutual friend, N. E. Goodwin, by him to be held and kept safely, without interference from either party, until such time, to wit : the 1st day of February, 1867, as the aforesaid payment of $2,375 shall be made, then this conveyance to be delivered up by the said N. E. Goodwin, and have full force and effect."

It was but an escrow. It bears date on the 9th day of July, 1866. It was an inchoate and incomplete act, and the writing especially states that the deed was in consideration of the sum of $2,375, to be paid on the 1st day of February, 1867, "the receipt of which is to be acknowledged in and by the delivery of these presents."

Sarah C. Reid was a prior creditor. She had to sue for her unpaid money. Her suit was about to ripen into a judgment. Miss Lucy A. Whitfield, *pendente lite,* and chargeable with notice of the pending suit, became the party of the second part to said escrow, and agreed to buy the property and raise the money by the 1st day of February, 1867. The judgment was obtained on the 30th day of October, A. D. 1866, for a sum of more than $3,000. After the judgment had been rendered, and with full notice, Miss Lucy A. Whitfield went forward, voluntarily, and paid up the purchase money, and caused the inchoate act to be completed. She voluntarily, and with notice, enabled the debtor to pocket the sum of $2,375, and my client, the poor woman, who was forced to sue for her just demand, is told that it is " equity " for her to lose her debt and pay the costs for her temerity.

The judgment was obtained on the 30th day of October, 1866, as the bill shows ; the money for the purchase of the property was not paid, and the deed was not delivered until the 1st day of February, A. D. 1867, and on the 16th day of October, 1867, as the exhibit shows, proof was made, by one of the subscribing witnesses, of the execution of said escrow, and it was on that day filed, as the clerk's certificate shows, for record.

What equity had Miss Lucy ? She had money, and our poor woman had none, and she enabled the debtor to evade the payment of an honest debt. In the bill the complainant avers, in the face of the writing, that she went into possession, and received the rents and profits in the meantime. So much the more against a *bona fide* creditor. But the deed is the best and highest evidence upon the subject, and cannot be contradicted by one of the parties thereto. And it is the very foundation of the bill It is conclusive between the parties. No mistake is alleged.

It is admitted that the writing was not acknowledged, proved and recorded until October, 1867, and the alleged and pretended possession is charged upon the judgment creditor as notice—constructive notice. Notice of what ? Notice, if notice at all, of an escrow. Notice of the true facts. Notice that no money had been paid, and that the estate had not passed out of the vendor. It was notice that the estate was still in the vendor, and liable to the lien of the judgment, and that it was subject to levy and sale, and that the present complainant was an interloper.

Parol evidence of conditions qualifying the delivery of an

agreement as an escrow, being contrary to the terms of the instrument, is not admissible. Worrall v. Munn & Prall, 1 Seld. 229.

Miss Lucy secured herself by a covenant of warranty of title, and must fall back on that.

II. The fiction of carrying the deed back by relation is only resorted to in cases of necessity, to prevent injury and uphold the deed. It is resorted to only for the purposes of justice, and is not to prevail against the fact, or as to collateral acts. And in a struggle between innocent parties to avoid a loss, fiction ought not to be resorted to to help one as against the other. The transaction must be left to rest upon the simple and naked truth.

The necessity which resorts to fiction does not exist in this case. The grantor was not only able to make, and the grantee to receive, what is called a second delivery, but in point of fact it was made, and the deed took effect only from that time. Jackson v. Rowland, 6 Wend. 670 ; Frost v. Beekman, 1 Johns. Ch. 298 ; 4 Kent Com. (3d ed.) 454.

Brown, J.:

The record in this case presents the question whether the decree in the court below sustaining the demurrer of the defendant, Sarah C. Reed, to the complainants bill, and dismissing said bill, was or not erroneous.

On the 9th of July, 1866, the complainant, Lucy A. Whitfield, purchased of Charles Baskerville and James Whitfield a certain lot and tenement in the city of Columbus, for $2,375, to be paid on the first day of February, 1867. At the time of the purchase a deed was made to her of the premises, and by agreement of the parties it was placed in the hands of a third party to hold as an escrow until the money aforesaid was paid.

It is alleged that on the same day the purchase was made and deed executed, possession was given to the complainant of the property, and that she has ever since had the possession and enjoyed the rents and profits of the same ; that the purchase money aforesaid was paid in January, 1867, before due, and the deed aforesaid delivered to the complainant at that time, in accordance with its terms, and deposited for record and entered of record October 16, 1867; that on the 24th day of October, 1866, the defendant, Jeptha V. Harris, obtained a judgment in Chickasaw county against the defendants, C. F. Fields, Charles

Baskerville and Henry B. Whitfield, for $739.20, which was enrolled in Lowndes county June 27, 1867, and execution issued in December, 1867, and levied on the property so purchased by the complainant as the property of said Charles Baskerville and Henry B. Whitfield; that on October 30, 1866, the defendant, Sarah C. Reed, is said to have obtained a judgment against the said Charles Baskerville and Henry B. Whitfield, for $3,152.76, and execution issued and levied on complainant's property aforesaid, November 12, 1867, as the property of said Charles Baskerville and Henry B. Whitfield.

It is charged that said Henry B. Whitfield never had any interest in said property.

Complainant prayed for the removal of the cloud from her property aforesaid, and for an injunction enjoining further proceedings upon said levies, which was allowed.

The defendant, Sarah C. Reid, filed her demurrer to said bill for the causes: 1. Complainant had not made such a case as entitled her to the relief prayed for, and the facts stated did not warrant the injunction granted; 2. The bill had not been sustained by the affidavit of complainant.

The court below sustained the demurrer, dissolved the injunction and dismissed the bill; and thereupon the cause is appealed to this court.

The errors assigned may be summed up in this: That the court erred in sustaining the demurrer and dismissing the bill of complaint, instead of granting the relief prayed for.

The first question that most naturally presents itself for our consideration is, what title or interest had Miss Whitfield in the property in dispute at the time the judgments aforesaid were rendered?

The record shows that she had purchased of James Whitfield and Baskerville the property, and had possession of it over three months before either judgment was rendered, and had enjoyed the rents and profits from the time of the purchase.

That said Whitfield and Baskerville, at the time of sale, July 9, 1866, executed their deed in due form of law, conveying thereby the said property to Miss Whitfield, and delivered the same to a third party to hold as an escrow until she should pay the purchase money, which she stipulated to do by the first of February following.

Before, then, the judgment creditors could claim to have obtained a lien upon the property, Miss Whitfield was possessed of an equitable estate in the same, which was senior to any such lien by several months, of which the said creditors had notice, or at least that she had an interest in the property by her public possession of the same and enjoyment of the rents, which was sufficient to put them on their guard, and incumbent upon them to take notice of the same.

The grantors had thus disposed of and conveyed all their title and interest in said realty to the plaintiff in error, reserving only an equity of redemption in case the payee should fail to pay the purchase money as stipulated.

We deem it scarcely necessary to refer to authorities in support of the position that a vendor may thus make a good delivery of a deed to a third person for the use of the vendee, subject to a condition stated in the deed itself. Graves et al. v. Tucker, 10 S. & M. 9, and authorities cited.

Miss Whitfield's possession was obtained by purchase, evidenced by a deed from the grantors, as aforesaid, which possession was notice to subsequent creditors of her interest, title or estate in the property. Dixon & Starkey v. Doe ex dem. Lacoste, 1 S. & M. 70; Walker v. Gilbert et al. Freeman Ch. 85, and cases there cited; Morton v. Robards et al. 4 Ky. (Dana) 258; Tuttle v. Jackson, etc., 6 Wend. 213; 1 Paige, 125, 280; 2 ib. 217, 586; 37 Miss. 554.

If the subsequent judgment creditors acquired any lien upon said property, it was and must be held to be subject to the prior equities of Miss Whitfield, obtained and made public prior to the rendition of said judgments.

An equitable estate in realty acquired and possessed before a judgment rendered, is not prejudiced by such judgment, and it is not necessarily dependent upon the legal title or the record of an existing deed as against subsequent creditors. Coleman v. Cocke, 6 Rand. 618; 1 Tuck. Com. 258–268; 9 I. R. 463; 3 Atkins, 640; 4 Marsh. 293.

What title or interest had Whitfield and Baskerville, upon which the judgments in question could be a lien at the time of their rendition?

It was not the legal title, for they had conveyed it. They had no legal estate in the property, but had a contingent equity of

redemption which could only be subjected by the intervening creditors in case of the failure of Miss Whitfield to comply with the conditions of her deed by paying the purchase money.

The judgment creditors clearly mistook their remedy when they sought to subject the property to the payment of their judgments instead of pursuing the purchase money due from Miss Whitfield at the time the judgments were rendered.

We do not controvert to the doctrine claimed by counsel as to the character of a deed held by a third person as an escrow, that is, as a general rule it does not take effect until a second delivery; but it is equally true, that whenever either justice or necessity demands a resort to fiction to ward off intervening claims or liens, courts of equity will give it a relation back and cause it to take effect from its first delivery as an escrow. 4 Kent Com. 454 ; 14 Ohio, 310.

So in the case at bar, if justice requires that the deed to Miss Whitfield, placed in the hands of a third person as an escrow, should take effect from its first delivery in order to protect her prior equities in the premises, we should be bound to give it that effect, especially so, when the record shows that the sale sought to be made is by virtue of a levy made after she had paid the purchase and received deed by second delivery and left for record, with the further fact, that she had been in possession and receiving the rents for about eighteen months, which was notice to the creditors of her title, and after the final delivery of the deed, if not before, equivalent to a record as between her and said judgment creditors.

There is another point referred to by counsel; that is, that Henry B. Whitfield, one of the judgment debtors, had no interest in the realty sold to Miss Whitfield ; that the title was in James Whitfield and Charles Baskerville, who conveyed it to her. The judgments were against the said Henry B. and Baskerville, and could not be a lien upon anything more than Baskerville's interest therein. But it seems unnecessary, from the view we take of the case, to consider this point at length.

We are clearly of the opinion, from the facts involved in this case, that the equity of the case was with the complainant below, and that the court erred in sustaining the demurrer and dismissing the bill.

The decree must therefore be reversed, and the cause remanded.